IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TRUDY BLOUGH, | : | Case No: Case Number: 2:23-cv-01979-MPK |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| BCD TRAVEL USA, LLC | : | |
| Defendant. | : | Jury Trial Demanded |

**AMENDED COMPLAINT**

Plaintiff TRUDY BLOUGH ("Blough"), by her counsel, Mette, Evans & Woodside, files the following Amended Complaint:

**Parties**

1. Plaintiff Trudy Blough resides in Canonsburg, PA. She was the Vice President, Global Sales, for BCD Travel from July 9, 2018 until her constructive discharge on October 14, 2021.

1

2. Defendant BCD Travel USA, LLC is the third largest global corporate travel management company. Its principal place of business is in Atlanta, Georgia. BCD Travel employs over 6000 employees across all its locations.

**Jurisdiction, Venue, and Prerequisites**

3. Blough sues for damages and equitable relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(e) et seq., as amended, for gender discrimination and hostile work environment; breach of contract; and the Equal Pay Act, 29 U.S.C. § 206(d).

4. The Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a).

5. The Court has pendent jurisdiction over Blough's state law claim for breach of contract as it arises from the same facts as her federal claims.

6. Venue is appropriate under 28 U.S.C. § 1391 because BCD maintains a corporate office in this judicial district.

7. On June 13, 2022, Blough filed a charge with the EEOC. Blough's EEOC charge alleged the Title VII and EPA violations claimed in this complaint. On March 22, 2023, the EEOC issued a right to sue letter to Blough. A true and correct copy of Blough's EEOC charge and the right to sue letter are attached as Exhibit A.

8. Blough received the right to sue letter on or about March 25, 2023 and

Blough filed the original complaint within 90 days of receipt of the right to sue letter.

**Facts**

9.     Trudy Blough was employed by BCD from February 6, 2012 to October 14, 2021 when she was forced to resign. Her resignation constitutes a constructive discharge. Blough was initially a Director of Regional Sales, and was promoted to Vice President, Global Sales in August 2018, due to her outstanding performance. Over the course of the near nine (9) years of her employment with BCD, Blough performed her job at a high level.

10.     As a VP of Global Sales, Blough reported directly to Jorge Cruz, who, in 2019, was promoted to Executive Vice President of Global Sales and Marketing. Other VPs of Global Sales included Sachin Sakhri and Deborah Cruz (wife of Jorge Cruz). Mark O'Brien and Susan Altman were previous VPs of Global Sales.

11.     Each VP of Global Sales was assigned certain sales accounts, to which the VP of Global Sales would lead a team to resell business and earn a commission. The VP of Global Sales could also pursue new clients.

12.     Throughout Blough's tenure as a VP of Global Sales, she was working only on the original sales accounts she was given in December of 2018, which were not substantial. Blough was not assigned viable, substantial, or

lucrative accounts throughout. The situation reached a point at which Blough received no new request for proposal accounts for two years.

13. Sachin Sakhri (Blough's male counterpart) and Deborah Cruz (Jorge Cruz's wife) constantly received more favorable treatment such as assignment of accounts under Jorge Cruz. They earned significant income from those opportunities.

14. BCD also favored males who carried a lower-level title than Blough in assigning accounts, including: Ton Maanicus (Regional Director), Nick Dewey (Regional Director), and Ralph Winkler (Regional Director).

15. Between May of 2021 and October of 2021, BCD re-assigned several substantial accounts of Mark O'Brien to Sachin Sakhri, Deborah Cruz, and other male regional directors (lower titled). For example, GlaxoSmithKline, Novartis International, Mars were assigned to Sachin Sakhri (male Global VP); GE and Bank of America were assigned to Deborah Cruz; Airbus Group, Royal Dutch Shell, and Philip Morris were assigned to Ton Maanicus (male Regional Director); British American Tobacco and Unilever, Barclays were assigned to Nick Dewey (male Regional Director); BASF was assigned to Ralph Winkler (male Regional Director).

16. Global sales opportunities outside the United States should have been equally distributed amongst Blough, Sakhri, and Deborah Cruz. However, all such

opportunities had Deborah Cruz as the U.S. sales lead support. As a result, only Deborah Cruz earned the U.S. portion of the sales commission on these accounts.

17.  In February of 2021, Deborah Cruz's role became VP of Sales and Marketing for Entertainment and she no longer reported to Jorge Cruz. All nonmedia and entertainment accounts should have been removed from Deborah Cruz and distributed to Blough and Sakhri. However, Jorge Cruz allowed Deborah Cruz to remain the lead for these accounts to continue to remain aligned to receive commission if resulting in a successful win. Such accounts included without limitation: GE, Bank of America, Merck & Co, AT&T, Chevron, Cisco Systems, IBM, Intel Corporation, The Coca-Cola Company, and Wells Fargo.

18.  This favorable treatment to the males (gender discrimination) and Deborah Cruz (nepotism) caused Blough to suffer from high anxiety at work due to the feeling that no matter her performance, Jorge would treat his wife and the other males more favorably by offering them better opportunities and higher commissions.

19.  Jorge Cruz went out of his way and withheld Blough's decision-making authority, and directed Blough to yield her sales leadership role to a new male employee who was not in a sales role - Andy Menkes who was the SVP Global Client Solutions. This resulted in Blough losing two accounts she had existing relationships with: Becton Dickenson (BD) and UPS.

      a.    In June 2018, Jorge Cruz directed Blough to relinquish her leader role to Andy Menkes in the middle of the sale process for BD. Blough stated her concern for potentially losing the opportunity and Jorge Cruz stated the decision was final. Through the process there were gaps, lags and missteps. The sales and account management teams refused to take directions from Blough. As a result, BCD lost the BD opportunity, causing Blough to lose a commission of at least $81,760.

      b.    In March 2019, Jorge Cruz directed Blough to give Andy Menkes a "front of the line" pass. Andy Menkes failed to take any meaningful initiative and worked in a way to undermine Blough's efforts. As a result, BCD lost the UPS opportunity, causing Blough to lose a commission of at least $101,507.

20.    Throughout this process mentioned in paragraph 19, Blough felt disrespected, embarrassed, degraded, and bullied. She lost the respect of the team and the control of the process, and ultimately lost the opportunity to receive sales commissions from these accounts.

21.    Blough consistently requested Jorge Cruz to address this unfair treatment and consistently voiced her concerns. For example, she protested every time Jorge Cruz directed her to yield to Andy Menkes. Jorge Cruz always stated he would sit with Andy Menkes to address the issues; however no action was taken.

22. Sachin Sakhri, Ton Maanicus, Nick Dewey, Ralph Winkle and Deborah Cruz were not subject to the same treatment.

23. In 2019, Blough complained to Kathy Jackson, VP of Executive Chair Sustainability, about the hostile work environment, that she felt mistreated, that her anxiety was high, and that BCD had no policy to address these issues. Kathy Jackson stated that there have been other former female employees that had challenges and that the best thing to do was to continue to talk to Jorge Cruz about it and no one else. In conversation, Blough recalled that she heard the expression "you don't cross the Cruz's or your career will suffer" among other employees, and stated so to Kathy Jackson.

24. Later, Blough spoke to Yvette Bryant, SVP of Diversity & Inclusion at the human resources about the same. Yvette Bryant talked to Blough in a hostile way which made Blough feel uncomfortable and as if she was in trouble, and that BCD was attempting to build case against a former female employee.

25. Then, Yvette Bryant gave Blough the "option" to talk to Jorge Cruz directly or having her to talk to Jorge Cruz. It was obvious that Yvette Bryant was pressuring Blough to not escalate her complaint. To avoid the hostility and for fear of retaliation or being fired, Blough agreed to talk to Jorge Cruz directly.

26. Jorge Cruz promised he would make things right, however, he not only did not deliver on that promise, he made the situation worse for Blough.

27. In November of 2019, as if Jorge Cruz was anticipating Blough's gender discrimination case and building a case against it, he directed Blough to yield to a female non-sales peer, Kessie Bratko on two substantial accounts: Johnson & Johnson and Eli Lilly. Jorge Cruz categorized this as "trying something different." Jorge Cruz stated, "Trudy, you have never handled a bid this big" while putting Kessie Bratko, who never handled a bid, as the lead.

28. Jorge Cruz withheld decision-making authority from Blough and required Blough to follow Kessie Bratko's decisions with the strategy of the opportunity. However, both Kessie Bratko and Jorge Cruz were non-responsive to Blough's repeated requests to follow the standard sales process. As a result, BCD lost the Eli Lilly opportunity, which would have been $382,517 in commission for Blough. Also as a result, the Johnson & Johnson bid relationship was lost, which would have been $356,250 in commission for Blough.

29. Further to the demoralization of Blough, on December 3, 2019, Blough, Jorge Cruz, Lesley O'Bryan (SVP, Advito Consulting), Thad Slaton (SVP, Global Marketing and Communications) and Andy Menkes (SVP Global Client Solutions) were at Maggiano's Little Italy in Atlanta GA for the purpose of meeting with UPS. As they were discussing Andy Menkes and Lesley O'Bryan's speaking opportunities to represent BCD, Blough asked confidently to Jorge Cruz (in front of the group) if there was an opportunity for her to be "groomed" to represent BCD

8

and be added to the speaker list to which they were referring. George Cruz responded "Can you speak in front of a crowd?" Blough was humiliated and embarrassed. Although, she was titled to be sitting at a table with the like, it was clear that he was not treating her as the leader that he hired her to be. This Public shaming made Blough feel embarrassed, disrespected, bullied and demoralized.

30.   In addition, as of October 14, 2021, Blough was not given her 2019 and 2020 year-end reviews regardless of her repeated request.

31.   Jorge Cruz's treatment of Blough - in limiting her earning potential by favoring Deborah Cruz, Sachin Sakhri and other males, directing her to yield to nonsales employees, public humiliation - caused Blough to suffer from severe anxiety.  Blough protested this unfair and disparate treatment to Jorge Cruz, but her supervisor did nothing to remedy the hostile environment.

32.   Aside from the discrimination, nepotism, and hostile work environment discussed above, BCD Travel also failed to pay Blough full commissions under her Sales Incentive Plans for several sales she made. For example, and without limitation:

   a.   Halliburton - Blough was the sales lead for BCD. BCD won 68,223 transactions which entitles Blough to $85,278 in commission.

   b.   Boston Scientific - Blough was the sales lead for BCD. BCD won 5,934 transactions which entitles Blough to $104,417 in commission.

9

33. Blough was suffering from severe anxiety that included physical symptoms like sleepless nights, headaches, shortness of breath, no energy, and weight loss. She was treated by medical professionals for the severe anxiety.

34. On or about October 14, 2021, Blough's mental health was suffering to a point that she could no longer stand working at BCD. Therefore, she submitted her resignation.

35. This resignation is a constructive termination.

36. Blough's mental anguish and suffering continues to this day.

## Count I - Gender Discrimination in Violation of Title VII

37. Trudy Blough incorporates ¶¶ 1-36 as if restated herein.

38. To state a prima facie case of disparate treatment gender discrimination under Title VII, a female plaintiff must show that she: (1) is a member of a protected class, (2) is performing her job satisfactorily, (3) suffered an adverse employment action, and (4) was treated less favorably than at least one similarly-situated male colleague.

39. Blough, a female, is a member of a protected class and performed her job exceptionally well. As discussed above, Sachin Sakhri, her male colleague and fellow VP under Jorge Cruz, as well as was Ton Maanicus (Regional Director), Nick Dewey (Regional Director), and Ralph Winkler (Regional Director), were treated more favorably by Jorge Cruz and BCD. They were given access to

business opportunities that resulted in higher earning potential that Blough was denied.

40. Blough suffered several adverse employment actions. She was constructively terminated, was denied the opportunity to work on lucrative sales accounts that the male employees were permitted to work on, and was denied leadership roles and decision making authority when the male employees were granted the same. This disparate treatment also limited Blough's earning potential.

41. BCD is vicariously liable for the conduct of its employees, including Jorge Cruz, under the doctrine of respondeat superior.

42. As the direct and proximate result of BCD's violations of Title VII, Blough has suffered substantial damages, including without limitation, actual and consequential damages for economic loss in amounts to be proven at trial.

43. As the direct and proximate result of BCD's violations of Title VII, Blough has also suffered substantial non-economic damages, including, without limitation, emotional suffering and mental anguish.

44. BCD's discriminatory conduct was intentional and malicious, making punitive or exemplary damages necessary to punish BCD and deter it and other companies from like misconduct.

WHEREFORE, on Count I under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., Plaintiff Trudy Blough requests the entry of judgment against BCD Travel USA, LLC for:

A.   Actual and consequential damages, both economic and non-economic, to be proven at trial;

B.   Punitive damages sufficient to punish Defendant and deter it and other companies from like misconduct;

C.   Costs of suit;

D.   Attorneys' fees; and

E.   Such relief available under law and deemed just and proper.

**Count II - Hostile Work Environment in Violation of Title VII**

45.   Trudy Blough incorporates ¶¶ 1-44 as if restated herein.

46.   BCD violated Title VII by subjecting Blough to a hostile work environment by allowing and fostering an atmosphere where nepotism and gender discrimination were apparent and unchecked. Without limitation, BCD Travel's acts or omissions constituting a Hostile Work Environment include:

a.   Permitting Jorge Cruz to treat Sachin Sakhri, Ton Maanicus, Nick Dewey, and Ralph Winkler more favorably than Blough, their peer and equal, by granting them access to more lucrative business opportunities and decision-making authority in violation of Title VII;

    b.    Permitting Jorge Cruz to treat Deborah Cruz (his wife) more favorably than Blough, her peer and equal, by granting her access to more lucrative business opportunities and decision-making authority; and

    c.    Permitting this conduct to continue after BCD Human Resources' involvement.

47.    Blough's work environment was both objectively and subjectively offensive. A reasonable person would find Blough's work environment - one which her direct supervisor blatantly engaged in gender discrimination and nepotism – to be hostile or abusive. Similarly, Blough herself perceived the work environment to be hostile.

48.    Blough was subjected to this unwelcome harassment because of her gender and because she was not her supervisor's wife (like fellow female Deborah Cruz).

49.    BCD is liable as Jorge Cruz, Blough's direct supervisor, was the orchestrator of the hostile work environment and was aware of Cruz's distress. In addition, Blough complained to upper management and HR in 2019, placing the company on notice of how her supervisor's discriminatory and nepotistic conduct was making her workplace a hostile one that was causing her to suffer severe anxiety.

50.    BCD is vicariously liable for the conduct of its employees, including

Jorge Cruz, under the doctrine of respondeat superior.

51. As the direct and proximate result of BCD's violations of Title VII, Blough has suffered substantial damages, including without limitation, actual and consequential damages for economic loss in amounts to be proven at trial.

52. As the direct and proximate result of BCD's violations of Title VII, Blough has also suffered substantial non-economic damages, including, without limitation, emotional suffering and mental anguish.

53. BCD's discriminatory conduct was intentional and malicious, making punitive or exemplary damages necessary to punish BCD and deter it and other companies from like misconduct.

WHEREFORE, on Count II under Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., Plaintiff Trudy Blough requests the entry of judgment against BCD Travel USA, LLC for:

A. Actual and consequential damages, both economic and non-economic, to be proven at trial;

B. Punitive damages sufficient to punish Defendant and deter it and other companies from like misconduct;

C. Costs of suit;

D. Attorneys' fees; and

E. Such relief available under law and deemed just and proper.

## Count III - Breach of Contract

54. Trudy Blough incorporates ¶¶ 1-53 as if restated herein.

55. Blough signed the 2020 and 2021 BCD Travel USA, LLC Sales Incentive Plans, effective January 1, 2020 to December 31, 2021, in which BCD promised to pay Blough sales commissions (Exhibit B).

56. The Sales Incentive Plans are governed by the laws of Georgia. The elements for a breach of contract claim in Georgia are: (1) breach, (2) resultant damages, and (3) to the party who has the right to complain about the contract being broken.

57. BCD Travel's failure to pay Blough full commissions owed to her under the Sales Incentive Plans is a breach of contract as stated in paragraph 32.

WHEREFORE, on Count VI, for breach of contract, Plaintiff Trudy Blough requests the entry of judgment against BCD Travel USA, LLC for:

A. Actual damages to fully compensate Blough for all commissions earned;

B. Such relief available under law and deemed just and proper.

## Count IV - Violations of the Equal Pay Act

58. Trudy Blough incorporates ¶¶ 1-57 as if restated herein.

59. To state a claim for an EPA violation, Plaintiff must allege that: (1) different wages were paid to employees of the opposite sex; (2) the employees are

performing equal work which requires skill, efforts, and responsibility; and (3) the employees have similar working conditions.

60. By paying the male employers more on commissions, BCD Travel violated the EPA. (¶14). This disparity in how commissions were paid between two equal level VPs was due to gender.

61. Blough has been damaged by BCD's EPA violations and pursues her statutory remedies to the fullest extent of the law.

WHEREFORE, on Count IV under the Equal Pay Act, 29 U.S.C. § 206(d), Plaintiff Trudy Blough requests the entry of judgment against BCD Travel USA, LLC for:

A. Back wages and commissions owed in an amount to be proven at trial;

B. Liquidated damages or prejudgment interest in an amount to be proven at trial;

C. Attorneys' fees; and

D. Such relief available under law and deemed just and proper.

                    Respectfully submitted,

                    METTE, EVANS & WOODSIDE


            By: *Kathryn L. Simpson*_____
                    KATHRYN L. SIMPSON, ESQUIRE
                    Sup. Ct. I.D. No. 28960
                    3401 North Front Street
                    P. O. Box 5950
                    Harrisburg, PA 17110-0950
                    (717) 232-5000 - Phone
                    (717) 236-1816 - Fax

                    Attorneys for Plaintiff

Date: December 5, 2023

## CERTIFICATE OF SERVICE

I certify that I am this day serving a copy of the foregoing **Amended Complaint** to the below as follows:

>Via U.S. Mail and/or electronic mail:
>
>Carmen D. Caruso, Esquire
>Xiaoyin Coa, Esquire
>William B. Whitner, Esquire
>Carmen D. Caruso Law Firm
>77 West Washington St., Ste 1900
>Chicago, IL  60602
>
>Gary D. Abrams, Esquire
>Gary D. Abrams and Associates, Ltd.
>55 West Monroe Street, Ste 1200
>Chicago, IL  60603

>Respectfully submitted,
>
>**METTE, EVANS & WOODSIDE**
>
>By: ___*Kathryn L. Simpson*_____
>KATHRYN L. SIMPSON, ESQUIRE
>Sup. Ct. I.D. No. 28960
>3401 North Front Street
>P. O. Box 5950
>Harrisburg, PA  17110-0950
>(717) 232-5000 – Phone
>(717) 236-1816 – Fax
>klsimpson@mette.com
>*Attorneys for Plaintiff, Trudy Blough*

Date: December 5, 2023