**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TRUDY BLOUGH,

                Plaintiff,

      v.

BCD TRAVEL USA LLC.

                Defendant.

Civil Action No. 2:23-cv-01979-MPK

Hon. Maureen P. Kelly

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM

Defendant BCD Travel USA LLC ("BCD"), by and through its undersigned counsel, files this Answer and Affirmative and Additional Defenses to the Amended Complaint filed by Plaintiff Trudy Blough ("Plaintiff"). Unless specifically admitted herein, Defendant denies each factual allegation of the Amended Complaint.  Defendant respectfully states and alleges as follows:

### PARTIES

1.      BCD admits in part and denies in part the averments in Paragraph 1.BCD admits that Plaintiff was the Vice President, Global Sales for BCD Travel from July 9, 2018 until her resignation on October 14, 2021. BCD is without knowledge or information sufficient to form a belief as to Plaintiff's residence, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments. Plaintiff's claim that she was constructively discharged is a legal conclusion to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

2.      BCD admits the averments in Paragraph 2.

### JURISDICTION, VENUE, AND PREREQUISITES

3.      BCD admits that Plaintiff has filed this lawsuit alleging damages and seeking equitable relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-

3(e) *et seq*., as amended, for claims of gender discrimination and hostile work environment. BCD further admits that Plaintiff alleges a state law claim for breach of contract and a claim under the Equal Pay Act pursuant to 29 U.S.C § 206(d). BCD denies that it engaged in any illegal conduct and/or violation of any laws or statutes.

4.      BCD admits that this court has federal question jurisdiction over Plaintiff's claims under Title VII and the Equal Pay Act. BCD denies that this court has federal question jurisdiction over Plaintiff's remaining claim.

5.      BCD admits that the Court has the power to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of contract. The remaining averments in Paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

6.      BCD admits that venue is proper in the Western District of Pennsylvania.

7.      BCD admits in part and denies in part the averments in Paragraph 7. BCD admits that Plaintiff signed  a charge with the EEOC on June 13, 2022 in which she made claims of sex discrimination under Title VII and claims that BCD violated the Equal Pay Act, among other claims. BCD further admits that on March 22, 2023, the EEOC issued a determination and notice of rights to letter to Plaintiff, and this document speaks for itself.

8.      BCD is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments in Paragraph 8.

## FACTS

9.      BCD admits in part and denies in part the averments in Paragraph 9. BCD admits that Plaintiff was employed with BCD from February 6, 2012 until her resignation on October 14, 2021. BCD denies the remaining averments in Paragraph 9.

10.     BCD admits in part and denies in part the averments in Paragraph 10.  BCD admits that Plaintiff reported to Jorge Cruz and that Jorge Cruz was promoted to Executive Vice President of Global Sales and Marketing. BCD denies that Jorge Cruz was promoted to this position in 2019; rather, he was promoted in June 2018. BCD admits that Deborah Cruz, Mark O'Brien, Susan Altman and Sachin Sakhri also were Vice Presidents of Global Sales and that Deborah Cruz is Jorge Cruz's wife.  BCD denies the remaining averments in Paragraph 10.

11.     BCD admits the averments in Paragraph 11.

12.     BCD denies the averments in Paragraph 12.

13.     BCD admits in part and denies in part the averments in Paragraph 13. BCD admits that Sachin Sakhri is male. BCD also admits that Deborah Cruz is Jorge Cruz's wife. BCD denies the remaining averments in Paragraph 13.

14.     BCD admits in part and denies in part the averments in Paragraph 14. BCD admits that Ton Maanicus and Nick Dewey are men and were Regional Directors in 2018, and that Regional Director is a lower-level position than VP of Global Sales. BCD admits that Ralph Winkler is a man. BCD denies that Ralph Winkler was a Regional Director in 2018 and that he was in a lower-level position than Plaintiff.  BCD denies the remaining averments in Paragraph 14.

15.     BCD admits in part and denies in part the averments in Paragraph 15. BCD admits that during Mark O'Brien's tenure with BCD, he at one time or another, was the global sales lead for many accounts and that a number of these accounts were at one time or another managed by another employee. BCD denies that Mark O'Brien was the global sales lead for all of the accounts

named in Paragraph 15 of the Amended Complaint. BCD denies the remaining averments in Paragraph 15.

16.     BCD denies the averments in Paragraph 16.

17.     BCD admits in part and denies in part the averments in Paragraph 17. BCD admits that Deborah Cruz became the Vice President of Sales and Marketing for Entertainment in or around February or March of 2021. BCD denies that Jorge Cruz was Deborah Cruz's supervisor before her title change or after her title change. BCD denies the remaining averments in Paragraph 17 as stated.

18.     BCD denies that Jorge Cruz treated his wife and other male employees better than Plaintiff by providing them with better opportunities and higher commissions than he offered Plaintiff.  BCD is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's claims that she suffered from high anxiety at work or what her feelings were, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.  The remaining averments in Paragraph 18 are conclusions of law to which no response is required.  To the extent a response is deemed necessary, BCD denies the averments.

19.     BCD admits in part and denies in part the averments in Paragraph 19. BCD admits that Andy Menkes held the title of Senior Vice President Global Client Solutions.  BCD denies the remaining averments in Paragraph 19.

        a.  BCD denies the averments in Paragraph 19.a.

        b.  BCD denies the averments in Paragraph 19.b.

20.     BCD denies that Plaintiff lost the opportunity to receive sales commissions from accounts as she asserts in Paragraph 20.  As to the remaining averments in Paragraph 20, BCD is without knowledge or information sufficient to form a belief as to the truth of the averments

asserted, thus strict proof thereof is demanded.  To the extent a response is deemed necessary, BCD denies the averments.

21.     BCD denies the averments in Paragraph 21.

22.     BCD denies the averments in Paragraph 22.

23.     BCD admits in part and denies in part the averments in Paragraph 23.  BCD admits that Kathy Jackson held the title of Vice President of Executive Chair Sustainability. BCD admits that Plaintiff and Kathy Jackson engaged in a conversation around 2019. BCD denies the remaining averments in Paragraph 23.

24.     BCD admits in part and denies in part the averments in Paragraph 24.   BCD admits that Yvette Bryant spoke with Plaintiff about her concerns regarding the development of her "pipeline" and opportunities for new accounts. BCD denies that Yvette Bryant held the position of the Senior Vice President of Diversity & Inclusion when Plaintiff spoke with her about her concerns regarding the development of her pipeline and it denies that Yvette Bryant spoke to Plaintiff in a hostile manner and, instead, was at all times professional in her interactions with Plaintiff.   As to the remaining averments in Paragraph 24, BCD is without knowledge or information sufficient to form a belief as to the truth of the averments asserted, thus strict proof thereof is demanded.  To the extent a response is deemed necessary, BCD denies the remaining averments in Paragraph 24.

25.     BCD admits in part and denies in part the averments in Paragraph 25.   BCD admits that Yvette Bryant offered to speak with Jorge Cruz directly about Plaintiff's concerns, but when Plaintiff said  she preferred to speak with Jorge Cruz directly, Yvette Bryant agreed not go to Jorge Cruz on Plaintiff's behalf.  BCD denies that Yvette Bryant attempted to pressure Plaintiff into not escalating her complaint.   As to the remaining averments in Paragraph 25, BCD is without

knowledge or information sufficient to form a belief as to the truth of the averments asserted, thus strict proof thereof is demanded.  To the extent a response is deemed necessary, BCD denies the remaining averments.

26.     BCD denies the averments in Paragraph 26.

27.     BCD admits in part and denies in part the averments in Paragraph 27.  BCD admits that Kessie Bratko held a non-sales position. BCD denies the remaining averments in Paragraph 27.

28.     BCD denies the averments in Paragraph 28.

29.     BCD admits in part and denies in part the averments in Paragraph 29. BCD admits that the job titles listed in the parentheticals next to each individual's name in Paragraph 29 are correct. BCD further admits that on December 3, 2019, Jorge Cruz, Lesley O'Bryan, Thad Slaton, Andy Menkes and Plaintiff attended a meeting at Maggiano's Little Italy in Atlanta, Georgia. BCD denies that the conversation alleged in Paragraph 29 occurred. As to the remaining averments in Paragraph 29, BCD is without knowledge or information sufficient to form a belief as to the truth of the averments asserted, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

30.     BCD denies the averments in Paragraph 30.

31.     BCD denies that Jorge Cruz limited Plaintiff's earning potential by favoring Deborah Cruz and Sachin Sakhri and men over Plaintiff and directed her to yield to non-sales employees.  BCD is without knowledge or information sufficient to form a belief as to the truth of the averments that Plaintiff suffered public humiliation and severe anxiety, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments. The

remaining averments in Paragraph 31 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

32.     BCD denies the averments in Paragraph 32, including subparagraphs a & b.

33.     BCD is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33, thus strict proof thereof is demanded.  To the extent a response is deemed necessary, BCD denies the averments.

34.     BCD admits in part and denies in part the averments in Paragraph 34.  BCD admits that Plaintiff tendered her resignation on October 14, 2021. As to the remaining averments in Paragraph 34, BCD is without knowledge or information sufficient to form a belief as to the truth of the averments asserted, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

35.     The averment in Paragraph 35 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

36.     BCD is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

## COUNT I – TITLE VII GENDER DISCRIMINATION

37.     Paragraphs 1 through 36 of this Answer are incorporated herein by reference as though set forth in full.

38.     The averments in Paragraph 38 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

39.     BCD admits in part and denies in part the averments in Paragraph 39. BCD admits that Plaintiff is a female. BCD further admits that Jorge Cruz, Ton Maanicus, Nick Dewey and

Ralph Winkler are male. BCD admits that Messrs. Maanicus, Dewey, and Winkler were Regional Directors.  BCD denies the remaining averments in Paragraph 39.

40.     The averments in Paragraph 40 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

41.     The averments in Paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

42.     The averments in Paragraph 42 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

43.     The averments in Paragraph 43 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

44.     The averments in Paragraph 44 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

<u>**COUNT I – PRAYER FOR RELIEF**</u>

BCD denies that Plaintiff is entitled to any of the relief requested in the section entitled "Count I - Prayer for Relief," any of the relief and/or damages sought in the subparagraphs (A) - (E), or any relief at all.

<u>**COUNT II – HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII**</u>

45.     Paragraphs 1 through 45 of this Answer are incorporated herein by reference as though set forth in full.

46.     The averments in Paragraph 46 and subparagraphs a – c are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

47.     The averments in Paragraph 47 are conclusions of law to which no response is required. To the extent a response is required, BCD denies the averments.

48.     The averments in Paragraph 48 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments8.

49.     The averments in Paragraph 49 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

50.     The averments in Paragraph 50 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

51.     The averments in Paragraph 51 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

52.     The averments in Paragraph 52 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

53.     The averments in Paragraph 53  are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

## COUNT II – PRAYER FOR RELIEF

BCD denies that Plaintiff is entitled to any of the relief requested in the section entitled "Count II - Prayer for Relief," any of the relief and/or damages sought in the subparagraphs (A) - (E), or any relief at all.

## COUNT III – BREACH OF CONTRACT

54.     Paragraphs 1 through 54 of this Answer are incorporated herein by reference as though set forth in full.

55.     BCD admits that Plaintiff signed the 2020 and 2021 BCD Travel USA LLC Sales Incentive Plan ("Sales Incentive Plan"). BCD admits that the 2020 Sales Incentive Plan had an effective date of January 1, 2020 through December 31, 2020 and the 2021 Sales Incentive Plan

had an effective date of January 1, 2021 through December 31, 2021. BCD denies the remaining averments in Paragraph 55.

56.      BCD admits that the Sales Incentive Plan is governed by the laws of Georgia. The remaining averments in Paragraph 56 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

57.      The averments in Paragraph 57 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

**COUNT III – PRAYER FOR RELIEF**

BCD denies that Plaintiff is entitled to any of the relief requested in the section entitled "Count III - Prayer for Relief," any of the relief and/or damages sought in the subparagraphs (A) - (C), or any relief at all.

**COUNT IV – EQUAL PAY ACT**

58.      Paragraphs 1 through 58 of this Answer are incorporated herein by reference as though set forth in full.

59.      The averments in Paragraph 59 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

60.      The averments in Paragraph 60 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments..

61.      The averments in Paragraph 61 are conclusions of law to which no response is required. To the extent a response is required, BCD denies those averments.

## COUNT IV – PRAYER FOR RELIEF

BCD denies that Plaintiff is entitled to any of the relief requested in the section entitled "Count IV-Prayer for Relief," any of the relief and/or damages sought in the subparagraphs (A) - (D), or any relief at all.

WHEREFORE, BCD Travel USA LLC respectfully requests that the Amended Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Amended Complaint seeks relief for any alleged conduct occurring outside of the applicable statutes of limitations.

2.      Plaintiff's claims are barred to the extent that Plaintiff has not fully exhausted her administrative remedies.

3.      Plaintiff's Amended Complaint fails to state a claim for damages, including economic damages, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, or any other relief.

4.      To the extent Plaintiff has failed to mitigate her damages, BCD is entitled to an offset of damages for any such failure.

5.      BCD's actions regarding Plaintiff were at all times taken for legitimate, non-discriminatory and non-retaliatory reasons.

6.      BCD, at all times, acted reasonably and in good faith.

7.      Even if BCD had been motivated by Plaintiff's protected status in taking adverse action against her, which BCD denies, BCD would have taken the same actions with regard to Plaintiff's employment.

8.      Any alleged unlawful acts by BCD's managing agents would have been contrary to BCD's good faith efforts to comply with the law. BCD maintains strictly enforced policies prohibiting unlawful discrimination and/or harassment. Any alleged unlawful conduct taken against Plaintiff would have been contrary to such policies and would have been taken without BCD's knowledge or consent.

9.      BCD exercised reasonable care to prevent and promptly address any alleged discriminatory and/or harassing behavior, and Plaintiff unreasonably failed to complain about any alleged harassment or to provide BCD with the opportunity to address any alleged harassment.

10.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

11.     BCD performed all acts and obligations required under the Sales Incentive Plan except anything BCD was prevented or excused from performing, and does not owe Plaintiff any further performance or damages.

12.     Plaintiff's claims are barred because her damages, if any, were caused by her own acts or omissions.

13.     Plaintiff's Equal Pay Act claims fail because Plaintiff cannot establish that she received lower wages or compensation than other similarly situated males for equal work.

14.     Plaintiff's Equal Pay Act claims are barred, in whole or in part, to the extent that any disparity in pay was due to unequal positions, or if equal positions, then the result of a seniority

system, a merit system, a system that measures earnings by quantity or quality of production or any other reasons other than sex.

15.     Plaintiff's claims fail to the extent any differentiation in wages was the result of a seniority system, merits systems, a system that measures pay by the quality or quantity of production, and/or any other reasons other than sex.

16.     Defendant reserves the right to assert additional defenses or claims that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice, that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## DEFENDANT'S COUNTERCLAIMS FOR BREACH OF FIDUCIARY DUTY AND BREACH OF CONTRACT

1.     BCD incorporates by reference its responses to each and every prior allegation contained in the Amended Complaint as though fully set forth herein.

2.     This Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over Trudy Blough as she resides in Canonsburg, Pennsylvania and conducted business for BCD while located in Pennsylvania.

4.     Venue is proper for this counterclaim because a substantial portion of the transactions and occurrences related to it occurred in this judicial district.

5.     BCD is a large travel management company that is largely dependent on developing and maintaining relationships with its customers. BCD has expended considerable time, expense, and resources developing and maintaining customers throughout the United States and internationally.

13

6.      BCD takes confidentiality of its information and the information it receives from customers and prospective customers seriously and takes steps to protect such information. BCD also takes steps to ensure that its trade secrets are preserved and protected.

7.      Ms. Blough was initially hired on February 6, 2012 as an Account Manager.

8.      At the outset of her employment with BCD, on January 30, 2012, BCD sent Ms. Blough an offer letter of employment detailing the terms and condition of her employment.

9.      One of the conditions for employment set forth in the offer letter was the requirement that Ms. Blough execute a confidentiality/non-solicitation agreement.

10.     On February 6, 2012, Ms. Blough executed the BCD Travel USA LLC Confidentiality/Non-Solicitation Agreement ("Confidentiality Agreement"), attached hereto as Exhibit A.

11.     Section 2(b) of the Confidentiality Agreement defines "Confidential Information," in relevant part, as "all information, documents, or facts pertaining to BCD Travel, without regard to form, which Employee has learned in the course of this Agreement . . . [and] "includes any information described in this paragraph that BCD Travel obtain from another party, including, but not limited to, its partners, suppliers, vendors, Restricted clients and treats as proprietary or designates as confidential information . . .". (Ex. A)

12.     Section 2(f) of the Confidentiality Agreement, likewise, defines "Trade Secrets," in relevant part, as "information in any form, including, but not limited to . . . sales history, profit margins . . . client proposals, internal communications . . . financial data (including sales and sales forecasts), and lists of actual or potential clients or vendors (including identifying information about such parties) which (i) derives economic value, actual or potential from being generally known to other persons who can derive economic value from the disclosure or use; and (ii) is the

subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." (Ex. A)

13.     In consideration for training, and other good and valuable consideration by signing the Confidentiality Agreement, Ms. .Blough promised to comply with the terms of the Confidentiality Agreement and not disclose Confidential Information other than for the benefit of BCD during her employment with BCD and for two (2) years thereafter." (Ex. A at ¶ 3)  She also agreed to protect BCD's trade secrets.  (*Id*.).

14.     Ms. Blough continued her employment with BCD and approximately six (6) years into her employment with BCD applied for a Vice President, Global Sales position.

15.     On July 9, 2018, BCD sent Ms. Blough a letter offering her the Vice President, Global Sales position, attached hereto as Exhibit B.

16.     Similar to Ms. Blough's initial offer letter in 2012, Ms. Blough's 2018 offer letter of employment explained the terms and conditions of her new role, and how she was still bound by a Confidentiality/Non-Solicitation Agreement. (Ex. B)

17.     On January 20, 2020, Ms. Blough executed a Sales Incentive Plan ("2020 Sales Incentive Plan"), which took effect on January 1, 2020, attached hereto as Exhibit C.

18.     The 2020 Sales Incentive Plan included a confidentiality and non-solicitation provision as well as attached a Confidentiality/Non-Solicitation Agreement, which Ms. Blough executed on March 30, 2020. (Ex. C)

19.     By signing the 2020 Sales Incentive Plan, Ms. Blough acknowledged and agreed to be bound by the terms set forth in Section O of the Plan, which states as follows:

> Sales Staff recognize and acknowledge that lists of customers, prospects, methods of pricing, marketing, and other operations and sales activity are trade secrets, and as such, are valuable, special, and unique assets of BCD Travel. Accordingly, each Sales Staff member must execute, agree to be bound by BCD Travel's

Confidentiality/Non-Solicitation Agreement to be eligible for participation in this Plan.

20.     The Confidentiality/Non-Solicitation Agreement that Ms. Blough executed on March 30, 2023, contained the same definitions of "Confidential Information" and "Trade Secrets" that were set forth in the 2012 Confidentiality Agreement. (Ex. A and C).

21.     Going into the new year for 2021, Ms. Blough executed a new Sales Incentive Plan and a Confidentiality Agreement on February 12, 2021, which was effective from January 1, 2021 through December 31, 2021, attached hereto as Exhibit D.

22.     By signing the 2021 Sales Incentive Plan, Ms. Blough acknowledged and agreed to be bound by Section M of the Plan which set forth the same confidentiality and non-solicitation terms and conditions as her 2020 Sales Incentive Plan . (Ex. D).

23.     BCD invested a significant amount of time, money and resources in developing Ms. Blough. BCD entrusted Ms. Blough with trade secret, confidential, and/or proprietary business information, including, but not limited to the following: list of clients, list of prospective clients, client contact information, client sales histories, client pricing, BCD business marketing and sales strategies, and financial data.

24.     Ms. Blough remained employed with BCD until she resigned on October 14, 2021.

25.     Per the terms of the 2012, 2020 and 2021 Confidentiality Agreements and the 2020 and 2021 Sales Incentive Plan (collectively referred to as "Confidentiality Agreements"), Ms. Blough was prohibited from disclosing confidential information during her employment and for two (2) years after her resignation and she was prohibited from disclosing BCD's trade secrets to the full extent provided by the law in Georgia.

26.     On June 21, 2023, Ms. Blough filed her  Complaint ("Original Complaint") in the United States District for the Middle District of Pennsylvania which disclosed confidential and trade secret information.

27.     The Original Complaint alleged several factual allegations that included the identity of several BCD clients, names of potential clients, financial data, internal strategies, sales histories, and BCD's Sales Incentive Plans for 2020 and 2021 .

28.     Ms. Blough's Original Complaint was filed the Middle District's ECF system, which is available to the general public.

29.     The disclosure of this information occurred within two (2) years of the date Ms. Blough resigned.

30.     On November 15, 2023, this case was transferred to the United States Court for the Western District of Pennsylvania.

31.     On December 5, 2023, Ms. Blough filed an Amended Complaint, which contains the same factual allegations and claims that were set forth in Ms. Blough's Original Complaint and attaches BCD's Sales Incentive Plans for 2020 and 2021. .

32.     Ms. Blough's Amended Complaint was filed in the Western District's ECF system which is available for viewing by the general public.

33.     BCD now commences this litigation to prevent its confidential information and trade secrets from further being disclosed by Ms. Blough, and to recover for the damage it has sustained and will contain to sustain if the Ms. Blough continues to publicly disclose such information, and to protect itself against future harm as a result of Ms. Blough's disclosures.

## COUNT I
## BREACH OF FIDUCIARY DUTY

34.     BCD repeats and re-alleges each and every allegation set forth in paragraphs 1 through 33 of this Counterclaim as if fully set forth herein.

35.     Ms. Blough signed a Confidentiality/Non-Solicitation Agreement at the outset of her employment with BCD and again when she received her Sales Incentive Plan for 2020 and her Sales Incentive Plan for 2021 (collectively "Confidentiality Agreements").

36.     In connection with the performance of her job, Ms. Blough was exposed to BCD's confidential and proprietary business information over the course of her nine and one half years of employment with BCD.

37.     By signing BCD's Confidentiality Agreements and by being exposed to such confidential information, Ms. Blough owed fiduciary duties to BCD.

38.     Ms. Blough owed these fiduciary duties to BCD throughout her employment with BCD, and her fiduciary duties also survive the termination of her employment.

39.     By virtue of the aforementioned conduct, Defendant Ms. Blough breached her fiduciary duties to BCD by among other things publicly disclosing confidential and proprietary business information and trade secrets that Ms. Blough would not have known or acquired but for her position at BCD, including but not limited to names of BCD's customers, the names of prospective customers, the terms of its incentive compensation plans, travel volumes of prospective customers, and the volume of transactions BCD completed for its customers.

40.     Ms. Blough's disclosure of BCD's confidential and proprietary business information and trade secrets has caused BCD damage because the disclosure of the information outside of BCD undermines its economic and intellectual value, jeopardizes BCD's relationships with its customers, and jeopardizes BCD's ability to compete in the marketplace.

41.     Further, to the extent Ms. Blough continues to disseminate or publicize BCD's confidential and proprietary business information and trade secrets, BCD will suffer additional economic harm.

42.     BCD has suffered injury from Ms. Blough's breach of her fiduciary duties that cannot be adequately or fully remedied at law or by the assessment of damages against them.

43.     If Ms. Blough is not immediately and permanently enjoined from using or disclosing BCD's information, BCD will continue to suffer irreparable harm for which no adequate remedy of law exists.

## COUNT II
## BREACH OF CONTRACT

44.     BCD repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 of this Counterclaim as if such allegations were fully set forth herein.

45.     At the outset of her employment with BCD and again when she received her Sales Incentive Plan for 2020 and her Sales Incentive Plan for 2021, Ms. Blough entered into Confidentiality/Non-Solicitation Agreement (collectively "Confidentiality Agreements") with BCD.

46.     The Confidentiality Agreements are binding, valid agreements supported by adequate consideration.

47.     Ms. Blough breached the express terms of the Confidentiality Agreements by publicly disclosing confidential and proprietary BCD business information and trade secrets including but not limited to names of BCD's customers, the names of prospective customers, the terms of its incentive compensation plans, travel volumes of prospective customers, and the volume of transactions BCD completed for its customers, which is confidential and highly sensitive information.

48.     Ms. Blough's disclosure of BCD's confidential and proprietary business information and trade secrets has caused BCD damage because the existence of the information outside of the BCD undermines its economic and intellectual value, jeopardizes BCD's relationship with its customers, and jeopardizes BCD's ability to compete in the marketplace.

49.     Further, to the extent Ms. Blough continues to disseminate or publicize BCD's confidential and proprietary business information and trade secrets, BCD will suffer additional economic harm.

50.     BCD has suffered injury from Ms. Blough's breach of contractual obligations that cannot be adequately or fully remedied at law or by the assessment of damages against them.

51.     If Ms. Blough is not enjoined from using or disclosing BCD's information, BCD will continue to suffer irreparable harm for which no adequate remedy of law exists.

## **PRAYER FOR RELIEF**

WHEREFORE, BCD respectfully requests that this Court issue an order:

1.     Enjoining Ms. Blough from disclosing BCD's confidential or proprietary information or trade secrets except as provided for by a stipulated confidentiality agreement and order of this Court and only to the extent necessary to pursue her legal claims against BCD.

2.     Directing Ms. Blough to reimburse BCD for any actual losses or damages caused by her disclosure of confidential information.

3.     Awarding BCD punitive damages for her breach of fiduciary duty in an amount to be determined at trial.

4.     Awarding BCD compensatory damages in an amount to be determined at trial.

5.     Granting such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, BCD Travel USA LLC demands a trial by jury upon all issues, to the fullest extent permitted under applicable law.

Dated: December 19, 2023                     Respectfully submitted,

                                             _/s/ Claire McGee_____
                                             Mark T. Phillis (PA No. 6617)
                                             mphillis@littler.com
                                             Claire McGee (PA No. 320491)
                                             cmcgee@littler.com

                                             LITTLER MENDELSON, P.C.
                                             625 Liberty Avenue, 26th Floor
                                             Pittsburgh, PA 15222
                                             PH: 412.201.7636 /7603
                                             FAX: 412.774.3756

                                             Attorneys for Defendant
                                             BCD Travel USA LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December 2023, a copy of the foregoing **Answer and Affirmative and Additional Defenses to the Amended Complaint and Counterclaim** was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Kathryn L. Simpson
METTE, EVANS & WOODSIDE, P.C.
3401 N. Front Street
P.O. Box 5950
Harrisburg, PA 17110
klsimpson@mette.com

*/s/ Claire McGee*
Claire McGee

4862-7065-7406.16 / 024077-1037