IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUDY BLOUGH, <br><br> Plaintiff, <br><br> v. <br><br> BCD TRAVEL USA LLC. <br><br> Defendant. | Civil Action No. 2:23-cv-01979-MPK <br><br> Hon. Maureen P. Kelly <br><br> *Electronically Filed* <br><br> Re: ECF No. 53 |

**JOINT STIPULATION FOR SUPPLEMENTAL PROTECTIVE ORDER**

*ORDER APPROVING*

Plaintiff Trudy Blough ("Plaintiff") and Defendant BCD Travel USA LLC ("Defendant"), hereby jointly stipulate to the Court entering this proposed supplemental protective order pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, it is hereby ORDERED by the Court, that the following terms and conditions, in addition to the terms and conditions set forth in the Order Approving Joint Stipulation for Protective Order (ECF No. 38) ("Protective Order"), shall govern the disclosure and use of documents, testimony, and information produced or provided by any party during discovery and designated as "Attorneys' Eyes Only" in the above-captioned matter:

**Proposed Supplemental Protective Order**

1. Certain of the following information which is provided or produced in response to interrogatories, requests for production of documents, or requests for admission, or used in depositions may be deemed "Attorneys' Eyes Only" Information: information relating to trade secrets or competitively sensitive information, which is maintained by a company in a confidential manner, including information that was not available to Plaintiff during her employment by Defendant. As to such matters, each side may designate any discovery information produced by that party to be "Attorneys' Eyes Only" and each side shall treat the information as confidential.

2.      A party producing Attorneys' Eyes Only Information shall designate it as such by affixing a stamp reading "ATTORNEYS' EYES ONLY" to each page of the document, or through some similar designation.

3.      The fact that a party to this litigation may designate information as ATTORNEYS' EYES ONLY does not necessarily mean that the information is "confidential information" as that term is defined by applicable law.

4.      Attorneys' Eyes Only information shall be used solely for the purpose of conducting this litigation in good faith and not for any business, personal, or other purpose whatsoever. Attorneys' Eyes Only Information may be disclosed to the following persons only:

    a.      Attorneys of record for all parties in the case, and their associated lawyers, legal assistants, and secretarial and clerical employees who are actually engaged in assisting them in this litigation; and

    b.      Any expert witness to whom, in the judgment of an attorney of record, disclosure of such material is required in order to assist such attorney in the preparation or the conduct of this litigation, but only upon written agreement by that individual to adhere to the terms of the Protective Order and this Supplemental Protective Order.

5.      Attorney's Eyes Only Information shall be stored and maintained in such a manner that only the attorneys of record, their associated lawyers, legal assistants, secretarial and clerical personnel, and expert witnesses who are engaged in assisting them in this litigation may have access to it.

6.     **Inadvertent Failure to Designate as Attorneys' Eyes Only.**

The inadvertent failure to designate information as "Attorneys' Eyes Only" Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as Attorneys' Eyes Only at a later date in writing and with particularity. The information shall be treated by the receiving party as "Attorneys' Eyes Only" Information from the time the receiving party is notified in writing of the designation, subject to the right of any party to challenge a designation in accordance with this Order.

7.     **Challenge to Designations.**

A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have seven (7) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this seven (7) day time frame, the receiving party may at any time thereafter seek a Court Order to alter the Attorneys' Eyes Only status of the designated information, but only after the receiving party has in good faith conferred or attempted to confer with the designating party in an effort to reach agreement on the designation without court action. The party asserting the Attorneys' Eyes Only designation shall have the burden of demonstrating the propriety of the designation. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the designated treatment required by the Protective Order and this Supplemental Protective Order.

8.     To the **extent** not addressed in this Supplemental Protective Order, any other protections or restrictions set forth in the Protective Order applicable to information designated as

"Confidential Information" are similarly applicable to information designated as "Attorneys' Eyes Only" information, including but not limited to, requirements regarding filing designated information with the Court and the conclusion of litigation.

9. The Protective Order previously entered in this matter remains in full force and effect.

10. This Order may be modified or amended by further order of the Court for good cause shown.

THE PARTIES HEREBY STIPULATE AND AGREE TO THE TERMS OF THE FOREGOING ORDER AND TO ITS ENTRY BY THE COURT.

By: /s/ Kathryn L. Simpson
Kathryn L. Simpson (PA No. 28960)
klsimpson@mette.com
Mette, Evans & Woodside, P.C.
3401 N. Front Street
P.O. Box 5905
Harrisburg, PA 17110
Telephone:   717. 232.5000
Facsimile:   717. 236.1816

Gary D. Abrams
Gda2164@gmail.com
Gary D. Abrams & Associates, LTD
55 West Monroe Street, Suite 1200
Chicago, IL 60603

*Attorneys for Trudy Blough*

By: /s/ Katelyn W. McCombs
Mark T. Phillis (PA No. 66117)
mphillis@littler.com
Katelyn McCombs (PA No. 323746)
kmccombs@littler.com

LITTLER MENDELSON P.C.
One PPG Place
Suite 2400
Pittsburgh, PA  15222
Telephone:   412.201.7636 / 7641
Facsimile:   412.774.1956

*Attorneys for BCD Travel USA LLC*

Dated:  January 21, 2025

IT IS SO ORDERED, this 23rd day of January, 2025.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE