IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUDY BLOUGH, | : | Civil Action No: 2:23-cv-01979 |
| | : | Magistrate Judge Maureen P. Kelly |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BCD TRAVEL USA, LLC | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1.      Sachin Sakhri (male) and Deborah Cruz, Mr. Cruz's wife, were among BCD employees supervised by Mr. Cruz. (Cruz Dep., Ex. 3)[1] .

2.      Mr. Sakhri and Ms. Cruz received more favorable assignments that did Ms. Blough.  (ECF ¶ 15; Ex. A, Blough Dep. p. 79 l. 9-16).

3.      Males within BCS, including those with lesser titles, were favored in assignments over Ms. Blough.  (ECF 14 at ¶ 14).

4.      Mr. Cruz caused Ms. Blough to relinquish her leadership role on the BD and UPS accounts to Andy Menkes.  Mr. Cruz, in doing so, told Ms. Blough that Mr. Menkes would be "client facing" on those accounts. (Ex. A, Blough Dep. p. 96. l. 16-19; 97, l. 4-25; 98, l. 1-23).

---

[1] Exhibits referenced herein are attached to the Plaintiff's Brief.

5.      Ms. Cruz became VP of Sales and Marketing for Entertainment in early 2021. (ECF 14 at ¶ 16).  She remained lead for the accounts she left behind which entitled her to receive a commission on those accounts if BCD won the business. *Id.* at ¶ 17.

6.      Ms. Blough asked that Mr. Cruz address the practice of favoring male co-workers which he promised to do but no action was ever taken. *Id.* at ¶ 21.

7.      Ms. Blough and Kathy Jackson, BCD's Vice President of Executive Chair Sustainability spoke about the hostile work environment in 2019. *(Id.* at ¶ 23; ECF 18 at ¶23).

8.      Ms. Jackson told Ms. Blough that former female employees experienced similar challenges and that the best thing to do was to continue to talk to Mr. Cruz.  *Id.* at ¶ 23.

9.      Ms. Jackson later called Ms. Blough and told her that she had reported what Ms. Blough had told her to Yvette Bryant, BCD's Senior Vice President of Diversity & Inclusion, and that Ms. Bryant would be calling her.  Ex. A, Blough Dep. p. 112, l. 19-25.

10.      Ms. Blough subsequently spoke with Yvette Bryant about the concerns Ms. Blough had about the development of her prospective client pipeline. (ECF 15 at ¶24; ECF 18 at ¶ 24).

11.      Ms. Bryant spoke to Plaintiff in what she perceived as a hostile manner and made her feel uncomfortable as if she were in trouble. (ECF 15 at ¶24).

12.      Ms. Bryant told Ms. Blough that either Ms. Blough could talk to Mr. Cruz about the situation or she could.

13.      Ms. Blough feared that she was being set up to get fired, she did not want to lose her job as she had two children in college, so she opted to speak to Mr. Cruz on her own.  Ex. A, Blough Dep. pp. 113, l. 3-25; 114. l 1-7.

14.     Ms. Blough then spoke with Mr. Cruz about her pipeline concerns and he stated that he and Mike Jannsen would "need to work that out." Ex. A. Blough Dep. pp. 114, l. 16-23.

15.     In late 2019, Ms. Blough was directed by Mr. Cruz to yield her role on two substantial accounts (J&J and Eli Lilly) to a female employee, Kessie Bratko, who held a non-sales position.  (ECF 15 at ¶ 27).

16.     The rationale for Mr. Cruz's decision was that Ms. Bough had never handled accounts this big.

17.     Ms. Bratko had never been in a lead position on any sale.  Id. at ¶ 28. Nonetheless, Ms. Bratko was tasked with making the decisions and setting the strategy and did not follow the standard sales process.  *Id.*

18.     The J&J bid was lost.  *Id.*

19.     Ms. Blough was demeaned by Ms. Bratko in emails and chats between her and other BCD employees.  Defendant has designated these emails and chats as "Confidential" and Plaintiff is seeking leave to file the documents under seal.

20.     Other instances of discrimination and personal attacks occurred in that same time period.  In late 2019, Ms. Blough was demeaned by Mr. Cruz at a dinner with co-workers Lesley O'Bryan, Thad Slaton, and Andy Menkes.  When the discussion turned to opportunities to talk at events sponsored by BCD, Ms. Blough asked how she could get on the speaker list and Mr. Cruz responded by asking her, "Do you even know how to speak in front of people?" Ex. A, Blough Dep. pp. 35, l. 20-25; 136, l. 1-19.

21.     These comments cause Ms. Blough to feel demeaned and embarrassed.  Id. at l. 18-19.  Mr. Cruz has no recollection of the dinner or any conversation about speakers.  Cruz Dep. p. 80, l. 14-19.

Respectfully submitted,

METTE, EVANS & WOODSIDE

By: _/s/ Kathryn L. Simpson_____
     KATHRYN L. SIMPSON, ESQUIRE
     Sup. Ct. I.D. No.  28960
     3401 North Front Street
     P. O. Box 5950
     Harrisburg, PA  17110-0950
     (717) 232-5000 - Phone
     (717) 236-1816 - Fax

     Attorneys for Plaintiff

Date:   October 17, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of October, 2025, the foregoing document was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, upon all counsel of record.

Respectfully submitted,

METTE, EVANS & WOODSIDE

By:     *Kathryn L. Simpson*
        KATHRYN L. SIMPSON, ESQUIRE
        Sup. Ct. I.D. No. 28960
        3401 North Front Street
        P. O. Box 5950
        Harrisburg, PA 17110-0950
        (717) 232-5000 - Phone
        (717) 236-1816 - Fax

        Attorneys for Plaintiff

Date:   October 17, 2025

3460320v1