## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRUDY BLOUGH,

           Plaintiff,

    v.

BCD TRAVEL USA LLC.

           Defendant.

Civil Action No. 2:23-cv-01979-MPK

Hon. Maureen P. Kelly

*Electronically Filed*

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Defendant BCD Travel USA LLC ("BCD"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, files this Response to Plaintiff Trudy Blough's Statement of Material Facts (ECF 75).[1]

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1.      Sachin Sakhri [sic] (male) and Deborah [sic] Cruz, Mr. Cruz's wife, were among BCD employees supervised by Mr. Cruz. (Cruz Dep., Ex. 3).

**Defendant's Response**: Admitted in part and denied in part. BCD admits that Sachin Sekhri was one of the employees supervised by Jorge Cruz during Mr. Sekhri's employment with BCD. BCD denies that Debra Cruz ever reported directly to Mr. Cruz during her employment with BCD. (*See* ECF 73, Defendant's Concise Statement of Material Facts in Support of Defendant's Motion for Summary Judgment ("DSOF"), ¶ 61).[2]

---

[1] References to "PSOF" refer to Plaintiff's Statement of Material Facts (ECF 75).

[2] Cruz Decl. (App. at ECF 70-5, p. 8), ¶ 53; Cruz Dep. (App. at ECF 70-3, pp. 8), 35:15-25).

2.      Mr. Sakhri [sic] and Ms. Cruz received more favorable assignments that did Ms. Blough.  (ECF ¶ 15; Ex. A, Blough Dep. p. 79 l. 9-16).

**Defendant's Response**: Denied. Plaintiff's conclusory opinion that Mr. Sekhri and Ms. Cruz's assignment were "more favorable" than those she received is not supported by record evidence, apart from her own self-serving statement. Instead, Plaintiff was assigned a number of accounts and prospective clients throughout her employment with BCD as Vice President, Global Sales or was allowed to maintain accounts after being promoted to the Vice President role. (*See* DSOF ¶¶ 23-26).[3] Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

3.      Males within BCS [sic], including those with lesser titles, were favored in assignments over Ms. Blough.  (ECF 14 at ¶ 14).

**Defendant's Response:** Denied. Plaintiff cites no record evidence in support of PSOF ¶ 3, as ECF 14 is a text order directing Plaintiff to file an amended complaint. To the extent Plaintiff purports to cite to her Amended Complaint at ECF 15, such allegations are not supported by any record evidence before the Court for purposes of BCD's motion for summary judgment. Further, in its Amended Answer to the Amended Complaint, BCD denied the averment that males, including those listed in Paragraph 15 of the Amended Complaint, were favored in account assignments. (*See* ECF 21, ¶ 15, pp. 3-4). Accordingly, Plaintiff cannot rely on disputed allegations contained in the Amended Complaint as evidence to oppose BCD's motion for summary judgment. Finally, any purported acts that took place prior to August 17, 2021 are time-

---

[3] Cruz Decl. (App. at ECF 70-5, pp. 5-6), ¶ 24-26; Blough Dep. (App. at ECF 70-2, pp. 8-21), 56:18-57:6, 58:18-59:4, 63:19-72:13; JSOF (ECF 69) ¶ 14.

4926-1441-7780

barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

4.     Mr. Cruz caused Ms. Blough to relinquish her leadership role on the BD and UPS accounts to Andy Menkes.  Mr. Cruz, in doing so, told Ms. Blough that Mr. Menkes would be "client facing" on those accounts. (Ex. A, Blough Dep. p. 96. l. 16-19; 97, l. 4-25; 98, l. 1-23).

**Defendant's Response**: Denied, as Ms. Blough did not relinquish her leadership role on either bid. (*See* JSOF ¶¶ 19, 21, 23). Specifically, as she admitted in the Joint Statement of Facts, Ms. Blough agrees that "Mr. Menkes's assigned role within the sales teams was as a senior internal consultant. He was not the assigned salesperson responsible for either the UPS bid or the Becton Dickinson bid; Ms. Blough remained the global sales lead for the opportunity on the UPS and Becton Dickinson bids." (JSOF ¶ 23). Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

5.     Ms. Cruz became VP of Sales and Marketing for Entertainment in early 2021. (ECF 14 at ¶ 16).  She remained  lead for the accounts she left behind which entitled her to receive a commission  on those accounts if BCD won the business. *Id.* at ¶ 17.

**Defendant's Response**: Admitted in part and denied in part. BCD admits that Ms. Cruz became Vice President, Global Sales and Marketing in March 2021 and remained the sales lead on some of the accounts and prospective accounts that were assigned to her while she held the Vice President, Global Sales role, which entitled her to receive a commission on those accounts if BCD won the business. (*See* JSOF ¶¶ 34-35). However, Plaintiff cites no record evidence in

support of PSOF ¶ 5, as ECF 14 is a text order directing Plaintiff to file an amended complaint. Moreover, BCD denies that PSOF ¶ 5 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

6.      Ms. Blough asked that Mr. Cruz address the practice of favoring male co-workers which he promised to do but no action was ever taken. *Id.* at ¶ 21.

**Defendant's Response**: Denied. Plaintiff cites no record evidence in support of PSOF ¶ 6, as ECF 14 is a text order directing Plaintiff to file an amended complaint. To the extent Plaintiff purports to cite to her Amended Complaint at ECF 15, such allegations are not supported by any record evidence before the Court for purposes of BCD's motion for summary judgment. Further, in its Amended Answer to the Amended Complaint, BCD denied the averment contained in Paragraph 21 of the Amended Complaint. (*See* ECF 21, ¶ 21, p. 5). Accordingly, Plaintiff cannot rely on disputed allegations contained in the Amended Complaint as evidence to oppose BCD's motion for summary judgment. Moreover, BCD denies that PSOF ¶ 6 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

7.      Ms. Blough and Kathy Jackson, BCD's Vice President of Executive Chair Sustainability spoke about the hostile work environment in 2019. *(Id.* at ¶ 23; ECF 18 at ¶ 23).

**Defendant's Response**: Admitted in part and denied in part. BCD admits that Kathy Jackson held the title of Vice President of Executive Chair Sustainability and that Plaintiff and Kathy Jackson engaged in a conversation around 2019. (*See* BCD's Amended Answer to the Amended Complaint, ECF 21, ¶ 23). BCD denies the remainder of PSOF ¶ 7. Plaintiff cites no

4926-1441-7780

record evidence in support of the remainder of the allegations in PSOF ¶ 7, as ECF 14 is a text order directing Plaintiff to file an amended complaint. To the extent Plaintiff purports to cite to her Amended Complaint at ECF 15, the remainder of the allegations in PSOF ¶ 7 are not supported by any record evidence before the Court for purposes of BCD's motion for summary judgment. Further, in its Amended Answer to the Amended Complaint,[4] BCD denied the remainder of these averments. (*See* ECF 21, ¶ 23, p. 5). Accordingly, Plaintiff cannot rely solely on disputed allegations contained in the Amended Complaint as evidence to oppose BCD's motion for summary judgment. Moreover, BCD denies that PSOF ¶ 7 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

8.      Ms. Jackson told Ms. Blough that former female employees experienced similar challenges and that the best thing to do was to continue to talk to Mr. Cruz.  *Id.* at ¶ 23.

**Defendant's Response**: Denied. Plaintiff cites no record evidence in support of the allegations in PSOF ¶ 8, as ECF 14 is a text order directing Plaintiff to file an amended complaint. To the extent Plaintiff purports to cite to her Amended Complaint at ECF 15, the allegations in PSOF ¶ 8 are not supported by any record evidence before the Court for purposes of BCD's motion for summary judgment. Further, in its Amended Answer to the Amended Complaint, BCD denied these averments. (*See* ECF 21, ¶ 23, p. 5). Accordingly, Plaintiff cannot rely solely on disputed allegations contained in the Amended Complaint as evidence to oppose BCD's motion for summary judgment. Moreover, BCD denies that PSOF ¶ 8 is material. Finally, any purported acts

---

[4] Ms. Blough cites to ECF 18, which is Defendant's Answer to Amended Complaint and Counterclaim, but the operative responsive pleading is ECF 21, which is Defendant's Amended Answer to Amended Complaint and Counterclaim.

that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

9.      Ms. Jackson later called Ms. Blough and told her that she had reported what Ms. Blough had told her to Yvette Bryant, BCD's Senior Vice President of Diversity & Inclusion, and that Ms. Bryant would be calling her.  Ex. A, Blough Dep. p. 112, l. 19-25.

**Defendant's Response**: Admitted in part and denied in part. BCD denies that Yvette Bryant held the position of Senior Vice President of Diversity & Inclusion in 2019, but admits the remainder of PSOF ¶ 9 as undisputed. However, BCD denies that PSOF ¶ 9 is material. Ms. Bryant held the position of Senior Vice President, Human Resources – Americas in 2019. (Bryant Decl., ¶ 2 (App. at ECF 70-7, p. 2)).

10.     Ms. Blough subsequently spoke with Yvette Bryant about the concerns Ms. Blough had about the development of her prospective client pipeline. (ECF 15 at ¶ 24; ECF 18 at ¶ 24).

**Defendant's Response:** Admitted as undisputed.

11.     Ms. Bryant spoke to Plaintiff in what she perceived as a hostile manner and made her feel uncomfortable as if she were in trouble. (ECF 15 at ¶ 24).

**Defendant's Response:** Denied. Because Plaintiff cites only to her Amended Complaint at ECF 15, the allegations in PSOF ¶ 11 are not supported by any record evidence before the Court for purposes of BCD's motion for summary judgment. Further, in its Amended Answer to the Amended Complaint, BCD denied these averments. (*See* ECF 21, ¶ 24, p. 5). Accordingly, Plaintiff cannot rely solely on disputed allegations contained in the Amended Complaint as evidence to

4926-1441-7780

oppose BCD's motion for summary judgment. Moreover, BCD denies that PSOF ¶ 11 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

12.    Ms. Bryant told Ms. Blough that either Ms. Blough could talk to Mr. Cruz about the situation or she could.

**Defendant's Response:** Denied as stated. Plaintiff fails to cite any record evidence in support of PSOF ¶ 12. Moreover, BCD denies that PSOF ¶ 12 is material.

13.    Ms. Blough feared that she was being set up to get fired, she did not want to lose her job as she had two children in college, so she opted to speak to Mr. Cruz on her own.  Ex. A, Blough Dep. pp. 113, l. 3-25; 114. 1. 1-7.

**Defendant's Response**: Admitted in part and denied in part. BCD admits that Plaintiff chose to speak with Mr. Cruz on her own, but it denies the characterization of the record evidence she cites to support PSOF ¶ 13. Moreover, BCD denies that PSOF ¶ 13 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

14.    Ms. Blough then spoke with Mr. Cruz about her pipeline concerns and he stated that he and Mike Jannsen [sic] would "need to work that out." Ex. A. Blough Dep. pp. 114, l. 16-23.

**Defendant's Response**: Admitted in part and denied in part.  BCD admits that Plaintiff chose to speak with Mr. Cruz on her own, but it denies the remainder of PSOF ¶ 14 and denies the characterization of the record evidence she cites to support PSOF ¶ 14. Specifically, in

conversations regarding Ms. Blough's pipeline, he explained to her how accounts and new opportunities are assigned, and that there are many factors taken into consideration when assigning accounts. (*See* DSOF ¶¶ 53-54). Further, as she admitted in the Joint Statement of Facts, Ms. Blough agrees that her "pipeline was appropriate give her experience, skillset, geography, and industry sector" in late 2019. (JSOF ¶ 33). Moreover, BCD denies that PSOF ¶ 14 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

15.   In late 2019, Ms. Blough was directed by Mr. Cruz to yield her role on two substantial accounts (J&J and Eli Lilly) to a female employee, Kessie Bratko, who held a non-sales position. (ECF 15 at ¶ 27).

**Defendant's Response**: Admitted in part and denied in part. BCD admits that Kessie Bratko held a non-sales position at BCD in 2019, but it denies the remainder of PSOF ¶ 15. Because Plaintiff cites only to her Amended Complaint at ECF 15, the allegations in PSOF ¶ 15 are not supported by any record evidence before the Court for purposes of BCD's motion for summary judgment. Further, in its Amended Answer to the Amended Complaint, BCD denied these averments. (*See* ECF 21, ¶ 27, p. 6). Accordingly, Plaintiff cannot rely solely on disputed allegations contained in the Amended Complaint as evidence to oppose BCD's motion for summary judgment. Further, it is undisputed that Ms. Bratko was not the assigned sales lead on the Johnson & Johnson account, and that Plaintiff remained the global sales lead on the account. (JSOF ¶¶ 29, 31). Additionally, the record evidence shows that Ms. Bratko was added to the sales teams for Eli Lilly and Johnson & Johnson, not that Plaintiff was instructed to yield her role on

4926-1441-7780

those accounts. (DSOF ¶¶ 45-46).[5] Moreover, BCD denies that PSOF ¶ 15 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

16.    The rationale for Mr. Cruz's decision was that Ms. Bough [sic] had never handled accounts this big.

**Defendant's Response**: Denied as stated. Plaintiff fails to cite any record evidence in support of PSOF ¶ 16. Moreover, BCD denies that PSOF ¶ 16 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

17.    Ms. Bratko had never been in a lead position on any sale.  Id. at ¶ 28. Nonetheless, Ms. Bratko was tasked with making the decisions and setting the strategy and did not follow the standard sales process. *Id.*

**Defendant's Response**: Denied as stated. Plaintiff fails to cite any record evidence in support of PSOF ¶ 17. To the extent Plaintiff purports to cite to her Amended Complaint at ECF 15, the allegations in PSOF ¶ 17 are not supported by any record evidence before the Court for purposes of BCD's motion for summary judgment. Further, in its Amended Answer to the Amended Complaint, BCD denied these averments. (*See* ECF 21, ¶ 28, p. 6). Accordingly, Plaintiff cannot rely solely on disputed allegations contained in the Amended Complaint as evidence to oppose BCD's motion for summary judgment. Moreover, BCD denies that PSOF ¶ 17 is material.

---

[5] Janssen Dep. (App. at ECF 70-1, pp. 11-12), 44:25-45:3; Cruz Dep. (App. at ECF 70-3, pp. 14-15), 58:19-59:4; JSOF (ECF 69) ¶ 26; Blough Dep. (App. at ECF 70-2, p. 37), 130:6-9.

Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

18.    The J&J bid was lost. *Id.*

**Defendant's Response**: Admitted as undisputed. However, Plaintiff fails to cite any record evidence in support of PSOF ¶ 18.

19.    Ms. Blough was demeaned by Ms. Bratko in emails and chats between her and other BCD employees. Defendant has designated these emails and chats as "Confidential" and Plaintiff is seeking leave to file the documents under seal.

**Defendant's Response**: Admitted in part and denied in part. BCD admits that Plaintiff sought leave to file certain documents under seal (ECF 77), and the Court granted Plaintiff's motion on October 24, 2025 (ECF 80). The remainder of PSOF ¶ 19 is denied as stated. Plaintiff fails to cite any specific record evidence in support of PSOF ¶ 19. Moreover, BCD denies that PSOF ¶ 19 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

20.    Other instances of discrimination and personal attacks occurred in that same time period. In late 2019, Ms. Blough was demeaned by Mr. Cruz at a dinner with co-workers Lesley O'Bryan, Thad Slaton, and Andy Menkes. When the discussion turned to opportunities to talk at events sponsored by BCD, Ms. Blough asked how she could get on the speaker list and Mr. Cruz

4926-1441-7780

responded by asking her, "Do you even know how to speak in front of people?" Ex. A, Blough Dep. pp. 35, l. 20-25; 136, l. 1-19.

**Defendant's Response**: BCD denies the characterization of the record evidence she cites to support PSOF ¶ 20. Moreover, BCD denies that PSOF ¶ 20 is material. Finally, any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

21.     These comments cause Ms. Blough to feel demeaned and embarrassed. Id. at 1. 18-19. Mr. Cruz has no recollection of the dinner or any conversation about speakers. Cruz Dep. p. 80, l. 14-19.

**Defendant's Response**: BCD denies the characterization of the record evidence Plaintiff cites to support PSOF ¶ 21. The cited testimony shows that Mr. Cruz stated that "I have recollection of the dinner and who was there, I believe, but again have no recollection of any conversation about speakers or desire to be a speaker." (*See* Cruz Dep., ECF 76, p. 43). Moreover, BCD denies that PSOF ¶ 21 is material. Finally any purported acts that took place prior to August 17, 2021 are time-barred as set forth in BCD's Memorandum of Law in Support of its Motion for Summary Judgment. (ECF 72, pp. 3-6).

4926-1441-7780

Dated: October 31, 2025

Respectfully submitted,

*/s/ Katelyn W. McCombs*
Mark T. Phillis (PA No. 66117)
mphillis@littler.com
Katelyn W. McCombs (PA No. 323746)
kmccombs@littler.com

LITTLER MENDELSON, P.C.
One PPG Place, Suite 2400
Pittsburgh, PA 15222
PH: 412.201.7636 /7641
FAX: 412.774.3756

*Attorneys for Defendant*
*BCD Travel USA LLC*

12

4926-1441-7780

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2025, a copy of the foregoing Defendant's Response to Plaintiff's Statement of Material Facts was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Kathryn L. Simpson
METTE, EVANS & WOODSIDE, P.C.
3401 N. Front Street
P.O. Box 5950
Harrisburg, PA 17110
klsimpson@mette.com

Gary D. Abrams
Gary D. Abrams & Associates, LTD
55 West Monroe Street
Chicago, IL 60603
Telephone: 312.263.4085
Gda2164@gmail.com

*/s/ Katelyn W. McCombs*
Katelyn W. McCombs

4926-1441-7780